IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JHAMAL CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-330-ECM |
| | ) | [WO] |
| KAY IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 *pro se* complaint on May 18, 2020. After reviewing the complaint, the court determined that Plaintiff should be provided an opportunity to file a supplement to the complaint. Accordingly, on May 21, 2020, the court entered an order directing Plaintiff to file a supplement to his complaint as set forth therein. *See* Doc. 3. The order cautioned Plaintiff that his failure to comply with the May 21 order would result in a Recommendation his complaint be dismissed for his failure to comply with order of the court and to prosecute this action. Doc. 3.

Plaintiff failed to comply with the May 21, 2020, order within the time allowed by the court. The court, therefore, entered an order on June 16, 2020, directing Plaintiff to show cause by June 23, 2020, why this action should not be dismissed for his failure to comply with the May 21, 2020, order of the court. Doc. 4. As of the present date, Plaintiff has not responded to the court's June 16 order to show cause nor has he complied with the order to file a supplement to the complaint. Because of Plaintiff's failure to file the supplement to the complaint as directed by order of May 21, 2020, and his failure to comply with the orders of this court, the undersigned concludes this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007)

(affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is further

ORDERED that **on or before July 22, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of July 2020.

        /s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE